**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADRIANA MARIA QUIROZ ZAPATA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 26-1560 (RJL) |
| v. ) | |
| ) | |
| MARKWAYNE MULLIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM ORDER**
May __13__ , 2026 [Dkt. #3]

Before the Court is plaintiff Adriana Maria Quiroz Zapata's ("plaintiff") Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. #3]. Based on my review of the briefs and record, and for the reasons stated on the record at the May 13, 2026 hearing and below, I **GRANT** plaintiff's motion for a temporary restraining order.

Plaintiff is a 55-year old citizen of Colombia who last entered the United States on August 23, 2024. Compl. [Dkt. #1] ¶¶ 13, 28. Plaintiff was placed in withholding-only proceedings before the El Paso Immigration Court. *Id.* ¶ 28. After a hearing, an Immigration Judge granted plaintiff withholding of removal to Colombia under the Convention Against Torture, finding it "more likely than not she will face torture by, or with the acquiescence of the Colombian government or their officials acting under the color of law." Compl. Ex. D [Dkt. #1-1] at 14. Following the Immigration Judge's order, plaintiff remained in ICE detention while the Government attempted to find a third country

1

that she could be deported to, but the Government was not successful. Compl. ¶¶ 32–33. On April 14, 2026, the Democratic Republic of the Congo ("DRC") formally refused to accept plaintiff. Compl. Ex. A [Dkt. #1-1]. The DRC explained that "the state of health of [plaintiff] requires medical assistance that our local hospital structures are not able to guarantee adequately" and her presence "poses a risk of health spread within our reception centres and the general population." *Id.* Despite the DRC's refusal, on April 16, the Government placed plaintiff on a removal flight and physically transported her to the DRC, where she remains today. *See* Defs.' Opp'n to Pl.'s Emergency Mot. [Dkt. #11] at 4.

Plaintiff is likely to succeed in her argument that sending her to the DRC, after the DRC expressly refused to accept her, likely violates the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1231(b)(2)(E)(vii) authorizes removal of an alien to a "country whose government will *accept* the alien into that country[.]" *Id.* (emphasis added). The DRC expressly refused to accept plaintiff on April 14, 2026. The Government sent her to the DRC anyway. The Government has not identified any other provision of the INA authorizing plaintiff's removal to the DRC. Sending plaintiff to the DRC, therefore, was likely illegal.

There is no question that plaintiff meets the standard for irreparable harm. She has been sent to a country that refused to accept her because they cannot provide sufficient medical care. As a result, she faces a daily risk of medical complications, up to and including death. *See, e.g., Banks v. Booth*, 459 F. Supp. 3d 143, 159 (D.D.C. 2020).

At this stage, I do not find that the Government is likely to succeed on any of its jurisdictional arguments. The Government made similar arguments before the Fourth

Circuit and the Supreme Court in the *Abrego Garcia* case, and the Supreme Court ultimately rejected the Government's request to stay the injunction. *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). I further find that the balance of equities and the public interest favor plaintiff because the Government has no legitimate interest in evading the requirements of the INA. Accordingly, it is hereby

**ORDERED** that plaintiff's motion for a temporary restraining order [Dkt. #3] is **GRANTED**; and it is further

**ORDERED** that defendants shall take all available steps to facilitate the return of plaintiff to the United States as soon as possible; and it is further

**ORDERED** that defendants submit a status report on May 15, 2026 by 5:00 pm describing the steps they have taken to facilitate plaintiff's return, and defendants shall file additional status reports every 72 hours thereafter until the expiration of this order; and it is further

**ORDERED** that the bond requirement under Federal Rule of Civil Procedure 65(c) is waived.

This temporary restraining order will expire in 14 days. I may extend it for good cause or convert the temporary restraining order to a preliminary injunction.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

3