## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADRIANA MARIA QUIROZ ZAPATA | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 26-1560 (RJL) ) ) |
| MARKWAYNE MULLIN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER
June __5__, 2026 [Dkt. #24, 26, 34]

Before the Court is defendants' Motion to Dissolve the Temporary Restraining Order [Dkt. #24] and plaintiff's Motion to Extend the Temporary Restraining Order [Dkt. #26]. Based on my review of the briefs and record, I will, for the following reasons, **GRANT** defendants' motion and hereby **DISSOLVE** the temporary restraining order.

On May 13, 2026, I granted plaintiff Adriana Maria Quiroz Zapata's ("plaintiff") Emergency Motion for a Temporary Restraining Order. *See* Mem. Order [Dkt. #14]. Based on the parties' representations before the Court, I found that the Democratic Republic of the Congo ("DRC") "formally refused to accept plaintiff" in an April 14, 2026 letter ("April 14 letter"), but "[d]espite the DRC's refusal," "the Government placed plaintiff on a removal flight and physically transported her to the DRC" anyway. *Id.* at 2. Accordingly, I ordered defendants to "take all available steps to facilitate the return of plaintiff to the United States." *Id.* at 3.

1

Defendants have now, however, proffered new evidence, including sworn declarations, that "the DRC accepted Plaintiff through the established manifest process *before* her removal." Defs.' Mot. to Dissolve the TRO at 13 (emphasis added). Defendants have also established that "nothing that occurred upon Plaintiff's arrival in the DRC undermined that acceptance." *Id.* In particular, both the State Department and the United States Embassy in Kinshasa have additionally confirmed that they did *not* receive and were *not* aware of the purported April 14 letter from the DRC *before* plaintiff's removal. *See id.* at 14. Indeed, defendants have further identified that the April 14 letter "surfaced through an irregular chain of custody." *Id.* at 15. Plaintiff's additional factual representations—including, among others, that a member of Congress sent the April 14 letter to someone at Immigration and Customs Enforcement ("ICE"), and that counsel herself sent the April 14 letter to ICE, *see* Pl.'s Mot. to Extend the TRO at 2–3—do *not* contradict defendants' representations that they did *not* receive notice of any refusal from the DRC through official diplomatic channels prior to plaintiff's removal.[1]

To say the least, these factual developments together constitute a "significant change . . . in factual conditions" warranting the dissolution of the temporary restraining

---

[1] Plaintiff claims that the April 14 letter was transmitted to defendants "in four distinct documented channels, all *before* April 16, 2026," which is the date of plaintiff's removal. Pl.'s Mot. to Extend the TRO at 2 (emphasis added); *see also* Compl. Exs. [Dkt. #1-1] at 136 (indicating plaintiff's flight departed at 12:07 AM CDT on April 16, 2026). None of the cited sources, however, corroborate this claim. The emails between the Office of U.S. Representative Robert J. Menendez and ICE about any DRC refusal are dated April 16, at the earliest. *See* Pl.'s Notice of Filing Suppl. Exs., Decl. of Michael McCurry [Dkt. #30] ¶ 5 (April 16, 2026 email forwarded documents to ICE at 4:04 PM Eastern Time, after plaintiff's flight departed); Decl. of Patrick Mosquera [Dkt. #30] ¶ 6 (April 17, 2026 email forwarded April 14 letter to ICE). Plaintiff's counsel emailed the April 14 letter to ICE on April 17. *See* Pl.'s Mot. to Extend the TRO at 2. And neither plaintiff's counsel's pre-April 16 phone conversations with ICE personnel nor her request for a credible fear screening involved any discussion of the DRC refusal, by counsel's own account. *See id.* at 3 (describing pre-April 16 phone conversations and request for credible fear screening).

order to facilitate plaintiff's return! *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). If plaintiff had conclusively shown that the April 14 letter had been brought to the attention of ICE *before* her removal, there would be no need to modify my prior order. As such, however, plaintiff has not made the requisite "clear showing" that she is entitled to the "extraordinary remedy" of a temporary restraining order. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Small wonder plaintiff has withdrawn her motion for a preliminary injunction. *See* Pl.'s Combined Reply in Supp. of her Mot. to Extend the TRO and Opp'n to Defs.' Mot. to Dissolve [Dkt. #27] at 18. In light of (1) the lack of record evidence that defendants had any notice of the April 14 letter *prior* to plaintiff's April 16 removal, (2) the jurisdictional arguments raised by defendants, and (3) plaintiff's pending appeal before the Board of Immigration Appeals, plaintiff is ordered to show cause as to why her case should not be dismissed for lack of subject matter jurisdiction over plaintiff's remaining claims. *See* Pl.'s Reply in Supp. of TRO [Dkt. #13] at 5–6 (describing "Plaintiff's pending administrative appeal before the Board of Immigration Appeals").

Accordingly, it is hereby

**ORDERED** that defendants' Motion to Dissolve the Temporary Restraining Order [Dkt. #24] is **GRANTED**; and it is further

**ORDERED** that the Court's May 13, 2026 Temporary Restraining Order [Dkt. #14] is **DISSOLVED**; and it is further

3

**ORDERED** that plaintiff's Motion to Extend the Temporary Restraining Order [Dkt. #26] and defendants' Motion for Extension of Time [Dkt. #34] are **DENIED** as moot; and it is further

**ORDERED** that plaintiff shall file a response no later than June 17, 2026 showing cause as to why the case should not be dismissed for lack of subject matter jurisdiction in light of plaintiff's pending appeal before the Board of Immigration Appeals.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge