**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ADRIANA MARIA QUIROZ ZAPATA, Plaintiff, v. MARKWAYNE MULLIN, *et al.*, Defendants. | ) | Civil Case No. 26-1560 (RJL) |

## MEMORANDUM OPINION

September 14th, 2026 [Dkt. #36, 46, 54]

Plaintiff Adriana Maria Quiroz Zapata was granted protection from removal to Colombia, her native country, so the Government sent her to the Democratic Republic of the Congo instead. Plaintiff has challenged the Government's decision to remove her to the Democratic Republic of the Congo because she alleges that the country refused to accept her before her removal. The Government has now disproved that theory. The Immigration and Nationality Act strips jurisdiction from federal courts over "any cause or claim . . . arising from the decision or action by the Attorney General to . . . execute removal orders[.]" 8 U.S.C. § 1252(g). Because plaintiff's claims "aris[e] from the decision or action" to "execute [her] removal order[]," I will **DISMISS** the case for lack of subject-matter jurisdiction and **DENY** the pending motions.

## BACKGROUND

On April 16, 2026, the Government removed plaintiff Adriana Maria Quiroz Zapata ("plaintiff"), a native and citizen of Colombia, to the Democratic Republic of the Congo. Compl. ¶¶ 13, 47. Plaintiff principally alleges that her removal was unlawful because the Democratic Republic of the Congo refused to accept her before she was removed. *Id.* ¶ 47. In reliance on plaintiff's representations, I granted plaintiff's request for a temporary restraining order to facilitate plaintiff's return to the United States. *See* Mem. Order [Dkt. #14]. The Government subsequently introduced evidence that the Government had not received notification of any refusal prior to plaintiff's removal. *See* Mot. to Dissolve TRO [Dkt. #24]. I therefore granted the Government's request to dissolve the temporary restraining order and ordered plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. *See* Mem. Order [Dkt. #35].

On June 15, 2026, plaintiff responded to the order to show cause. *See* Resp. to Order to Show Cause [Dkt. #37]. Plaintiff has also moved for reconsideration of my decision to dissolve the temporary restraining order and has moved for leave to file a supplemental complaint. *See* Mot. for Reconsideration [Dkt. #36]; Mot for Leave to File Supplemental Complaint [Dkt. #46]. After her removal to the Democratic Republic of the Congo, plaintiff voluntarily traveled to Spain for an "interim medical evacuation," where she remains currently. *See* Notice [Dkt. #43]. On August 18, 2026, plaintiff filed a motion to expedite consideration of the motion for reconsideration and the motion for leave to file. Mot. to Expedite [Dkt. #52]. On September 2, 2026, plaintiff filed a supplemental motion for an order directing USCIS to adjudicate plaintiff's Form I-131 humanitarian parole

application. Pl.'s Suppl. Mot. [Dkt. #54]. All motions except the Form I-131 humanitarian parole motion are now ripe.

## LEGAL STANDARD

The court has "an independent obligation to assure itself that it ha[s] subject-matter jurisdiction." *Jibril v. Mayorkas*, 101 F.4th 857, 866 (D.C. Cir. 2024) (internal quotation marks omitted). Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Hurt v. U.S. Ct. of Appeals for D.C. Cir. Banc*, 264 F. App'x 1, 1 (D.C. Cir. 2008) (per curiam) ("It was proper for the district court to analyze its own jurisdiction sua sponte and dismiss the case for lack of jurisdiction."). Plaintiff bears the burden of demonstrating the Court's subject-matter jurisdiction over the claims at issue. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

## ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by the Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Immigration and Nationality Act provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added).

Section 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). "Instead, we read the language to refer to just those three specific actions themselves." *Id.* While the "statute does not sweep broadly," its "narrow sweep is firm." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). Courts "cannot entertain challenges to the enumerated executive branch decisions or actions." *Id.*

I initially considered the merits of plaintiff's claims because of the parallels between this case and *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025). *See* Mem. Order [Dkt. #14] at 3. In *Abrego Garcia*, the district court held that it had jurisdiction over Abrego Garcia's claims of mistaken removal to El Salvador. *See Abrego Garcia v. Noem*, 777 F. Supp. 3d 501, 515 (D. Md. 2025). The Fourth Circuit and the Supreme Court declined to stay the preliminary injunction ordering Abrego Garcia's return. *See Abrego Garcia v. Noem*, 2025 WL 1021113, at *3 (4th Cir. Apr. 7, 2025) (Thacker, J., concurring) ("§ 1252(g) does not strip us of jurisdiction here"); *Abrego Garcia*, 145 S. Ct. at 1018. Indeed, numerous courts of appeals have affirmed the exercise of jurisdiction over claims alleging that the Government lacked authority to execute a removal order or otherwise violated a separate statute or court order. *See Ibarra-Perez v. United States*, 154 F.4th 989, 1000 (9th Cir. 2025) (section 1252(g) does not strip jurisdiction over claims about "ICE's separate decision about where to send" plaintiff); *Jama v. I.N.S.*, 329 F.3d 630, 632 (8th Cir. 2003) (exercising jurisdiction over challenge to country of removal), *aff'd sub nom. Jama v. Immigr. & Customs Enf't*, 543 U.S. 335 (2005); *Arce v. United States*, 899 F.3d 796, 799–800 (9th Cir. 2018) (per curiam) (jurisdiction over Federal Tort Claims Act claim alleging

removal in violation of a stay of removal). *But see Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (no jurisdiction over Federal Tort Claims Act challenge to mistaken removal).

That said, the factual predicate for plaintiff's legal claim of wrongful removal to the Democratic Republic of the Congo has collapsed.[1] As I have already found, "[d]efendants have now . . . proffered new evidence, including sworn declarations, that the DRC accepted Plaintiff through the established manifest process *before* her removal." Mem. Order [Dkt. #35] at 2 (internal quotation marks omitted). "[B]oth the State Department and the United States Embassy in Kinshasa have additionally confirmed that they did *not* receive and were *not* aware of the purported April 14 letter [refusing plaintiff] from the DRC *before* plaintiff's removal." *Id.*[2]

With the core element of plaintiff's unlawful removal claim now disproven, plaintiff's claims, including her due process challenge to the procedures for removal, amount to a bare challenge to the execution of her removal order. *See* Compl. ¶¶ 53–82. Her case therefore falls squarely within § 1252(g)'s jurisdiction-stripping language. *See, e.g.*, *E.F.L.*, 986 F.3d at 965 (court lacked jurisdiction over challenge to execution of removal order while Violence Against Women Act petition was pending); *Rauda v.*

[1] In assessing subject-matter jurisdiction, "a court may consider documents outside the pleadings." *Charles v. United States*, 2022 WL 951242, at *7 (D.D.C. Mar. 30, 2022) (citing *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

[2] Plaintiff's motion for reconsideration attempts to relitigate my factual findings and is meritless. *See* Mot. for Reconsideration at 2–4. The documents raised by plaintiff were part of the record when I dissolved the temporary restraining order, and they do not contradict the Government's understanding that the Government was unaware of any refusal before plaintiff's removal.

*Jennings*, 55 F.4th 773, 777 (9th Cir. 2022) (no jurisdiction over attempt to "enjoin the government from removing" plaintiff). And in any case, plaintiff does not dispute that she has a pending appeal before the Board of Immigration Appeals. *See* Resp. to Order to Show Cause at 4–5.[3]

To further underscore the absence of subject-matter jurisdiction, exercising jurisdiction would likely entangle the Court in sensitive foreign affairs matters. Plaintiff has now voluntarily relocated to Spain. *See* Notice [Dkt. #43]. Plaintiff vigorously contests defendants' understanding of the Democratic Republic of the Congo's acceptance of plaintiff. *See, e.g.*, Mot. for Reconsideration at 2–7. Ordering any relief under these circumstances risks encroaching on the Executive Branch's communications with the Democratic Republic of the Congo. But "[c]ourts are not a forum for reconsidering the wisdom of discretionary decisions made by the political branches in the realm of foreign policy." *D.A. v. Noem*, 800 F. Supp. 3d 43, 52 (D.D.C. 2025) (quoting *El-Shifa Pharm. Indus. Co. v. United States*, 607 F.3d 836, 842 (D.C. Cir. 2010) (en banc)).[4]

---

[3] To the extent that plaintiff's claims do not "aris[e] from the decision or action" to "execute [her] removal order[]," 8 U.S.C. § 1252(g), they belong in plaintiff's ongoing proceeding before the Board of Immigration Appeals, *see id.* § 1252(a)(5), (b)(9). Plaintiff's Form I-131 motion appears to be barred by 8 U.S.C. § 1252(a)(2)(B)(ii). *See A.M.S. v. Edlow*, 826 F. Supp. 3d 153, 171 (D.D.C. 2026) ("[T]he text of Sections 1252(a)(2)(B)(ii) and 1182(d)(5)(A), when considered in conjunction, offer 'clear and convincing evidence that Congress intended to preclude judicial review of the [Secretary's] discretionary decisions about the [humanitarian parole] process[.]'" (quoting *Thigulla v. Jaddou*, 94 F.4th 770, 776 (8th Cir. 2024))).

[4] Separately, plaintiff's counsel's conduct in this litigation raises serious questions as to her compliance with the Local Rules and candor with the Court. Local Civil Rule 7(m) requires counsel to "discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." Plaintiff's counsel emailed her motion for leave to file a supplemental complaint at 4:23 am and filed the motion about an hour later. *See* Defs.' Opp'n to Pl.'s Mot. for Leave to File First Suppl. Compl. [Dkt. #49] at 2. Plaintiff's most recently filed motion to expedite certifies compliance with Local Civil Rule 7(m) but suggests that plaintiff did not

## CONCLUSION

For the foregoing reasons, I hereby **DISMISS** the case for lack of subject-matter jurisdiction and **DENY** the remaining motions. An accompanying order will issue contemporaneously with this opinion.

RICHARD J. LEON
United States District Judge

even attempt to contact defendants to obtain their position on the motion. *See* Mot. to Expedite [Dkt. #52] at 4 ("Given Defendants' filed Oppositions to the underlying motions . . . and their prior positions in this litigation opposing every extension of relief, undersigned counsel has a reasonable and good-faith basis to conclude that Defendants oppose expedited consideration."). If this litigation were to continue, such conduct raises the possibility of further consequences including sanctions.